1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER DALE GRAVES,

11           Petitioner,                    No. CIV S-06-0885 LKK DAD P

12        vs.

13   ROSEANNE CAMPBELL, Warden,             ORDER AND

14           Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with an amended petition for writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 21, 2008, the undersigned ordered

18   respondent to file a response to the petition.  On April 9, 2008, respondent filed a motion to

19   dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations

20   established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

21   Petitioner has filed a timely opposition to respondent's motion to dismiss.  Respondent has filed

22   a timely reply.

23                              **BACKGROUND**

24           On May 19, 1998, a Sacramento County Superior Court jury convicted petitioner

25   of committing a lewd and lascivious act upon a child.  (Docs. Lodged by Resp't Apr. 9, 2008,

26   Docs. 1-2.)  The trial court found sentencing enhancement allegations regarding petitioner's prior

1

1  conviction to be true and sentenced petitioner to a total aggregate term of seventy years and four

2  months to life in state prison.  (Id., Docs. 1-2.)  After extensive appellate litigation, on May 12,

3  2003, the Court of Appeal for the Third Appellate District affirmed the judgment of conviction.

4  (Id., Docs. 1-20.)  On July 30, 2003, the California Supreme Court denied review.  (Id., Doc. 24.)

5  On December 1, 2003, the United States Supreme Court denied petitioner's petition for a writ of

6  certiorari.  (Id., Doc. No. 28.)

7          On October 12, 2004, petitioner filed his first state habeas petition in the

8  Sacramento County Superior Court.  (Docs. Lodged by Resp't Apr. 9, 2008, Doc. 29.)  On

9  November 15, 2004, the Superior Court denied the petition as untimely.  (Id., Doc. 30.)  On

10 March 9, 2005, petitioner filed his second state habeas petition in the California Court of Appeal

11 for the Third Appellate District.  (Id., Doc. 31.)  On March 30, 2005, the Court of Appeal

12 summarily denied the petition.  (Id., Doc. 32.)  On April 19, 2005, petitioner filed his third and

13 final state habeas petition in the California Supreme Court.  (Id., Doc. 33.)  On March 29, 2006,

14 the California Supreme Court denied the petition with a citation to the decision in In re Robbins,

15 18 Cal. 4th 770 (1998).  (Id., Doc. 34.)

16         On April 21, 2007, petitioner filed a federal petition for writ of habeas corpus in

17 this court.  On January 3, 2007, petitioner filed an amended petition.

18                     **RESPONDENT'S MOTION TO DISMISS**

19         Respondent has filed a motion to dismiss on the ground that petitioner's habeas

20 petition is time-barred under AEDPA.  Respondent argues that the United States Supreme Court

21 denied petitioner's petition for a writ of certiorari on December 1, 2003, causing petitioner's

22 judgment of conviction to become "final" on the same day.  Under AEDPA, respondent argues

23 that petitioner had 365 days thereafter to file his federal habeas petition.  (Resp't's Mot. to

24 Dismiss at 1-3.)

25         Respondent acknowledges that the proper filing of a state post-conviction

26 application challenging a judgment of conviction tolls the one-year statute of limitations period.

1   However, respondent argues that petitioner is not entitled to tolling for the 315 days between the

2   United States Supreme Court's denial of his petition for a writ of certiorari and the mailing of his

3   habeas petition to the California Superior Court.  In addition, respondent argues that petitioner is

4   not entitled to tolling for the 25 days between the California Supreme Court's denial of his

5   habeas petition filed with that court and the filing of his federal petition. (Resp't's Mot. to

6   Dismiss at 4.)   Respondent also contends that petitioner is not entitled to tolling while his state

7   habeas petitions were pending before the Sacramento County Superior Court and the California

8   Supreme Court because those petitions were not "properly filed" since they were denied as

9   untimely. (Resp't's Mot. to Dismiss at 4.)  Finally, respondent argues that petitioner is not

10   entitled to interval tolling for the 113 days between the Sacramento County Superior Court's

11   denial of his habeas petition before that court and the mailing of his habeas petition to the

12   California Court of Appeal.  In that regard, respondent contends that taking 113 days before

13   filing with the next highest state court amounts to an unreasonable delay.  Respondent also

14   disputes that petitioner is entitled to interval tolling for the 19 days between the California Court

15   of Appeal's denial of his habeas petition and the mailing of his petition to the California

16   Supreme Court because the latter was never properly filed. (Resp't's Mot. to Dismiss at 4.)

17          Respondent concludes that in filing his federal petition with this court, petitioner

18   has exceeded the AEDPA statute of limitations by at least 487 days.  Accordingly, respondent

19   moves that the court dismiss this action with prejudice. (Resp't's Mot. to Dismiss at 5-6.)

20                                    **PETITIONER'S OPPOSITION**

21          In opposition, petitioner argues that his federal petition is timely.  First, petitioner

22   argues that he properly filed his state habeas petitions and that he is entitled to statutory tolling

23   for the entire period those petitions were pending in state court.  Specifically, petitioner contends

24   that the California courts unreasonably applied the decision in In re Robbins,  18 Cal. 4th 770

25   (1998) to his state habeas petitions.  Petitioner, under the mistaken impression that pursuant to In

26   re Robbins an appellant in a non-capital case has only ninety days to file a state habeas petition

1    after filing a reply on direct appeal, contends that he needed far more time to pursue his direct

2    appeal which was pending for six years before concluding.  (Pet'r's Opp'n to Resp't's Mot. to

3    Dismiss at 3-10.)

4              Petitioner also argues that he is entitled to equitable tolling of the statute of

5    limitations.  First, petitioner argues that he has diligently pursued his claims.  (Pet'r's Opp'n to

6    Resp't's Mot. to Dismiss at 11-14.)  In addition, citing the Ninth Circuit's recent decision Harris

7    v. Carter, 515 F.3d 1051 (9th Cir. 2008), cert. denied ___U.S.___, 129 S. Ct. 397 (2008),

8    petitioner argues that he relied on then-controlling Ninth Circuit precedent when he filed his

9    habeas petitions in state court.  According to petitioner, he believed he could timely file his

10   federal habeas petition after the California Supreme Court denied his final state habeas petition

11   and did so with two months to spare under the AEDPA statute of limitations.  (Id. at 14-18.)

12   Finally, petitioner argues that his appellate counsel failed to raise several issues on direct appeal,

13   which he had to research and perfect himself and that his appellate counsel also failed to provide

14   him with his appellate file for ten months.  (Id. at 12-13.)

15                                **RESPONDENT'S REPLY**

16             In reply, respondent argues that the Sacramento County Superior Court and the

17   California Supreme Court properly concluded that petitioner's state habeas petitions were

18   untimely under In re Robbins because of petitioner's unjustified and substantial delays in filing

19   his petitions.  For example, respondent contends, petitioner waited 315 days after his conviction

20   became final before he filed his first state habeas petition.  He waited an additional 113 days after

21   the Superior Court denied that petition before he filed a habeas petition in the California Court of

22   Appeal.  Notwithstanding these lengthy delays, respondent argues that petitioner offered no

23   explanation to the California Supreme Court for the untimeliness of his petition ultimately filed

24   in that court.  (Resp't's Reply at 2-3.)

25             Respondent also argues that, even assuming equitable tolling of the AEDPA

26   statute of limitations is available under the law, petitioner is not entitled to such tolling under the

                                         4

1   circumstances of this case.  In confusing fashion, respondent acknowledges that the Ninth Circuit

2   has held that equitable tolling may be warranted where a petitioner files an untimely petition in

3   reliance on subsequently-overruled Ninth Circuit precedent but in the following sentence of the

4   reply respondent contends "such a circumstance hardly qualifies as 'extraordinary' to warrant

5   equitable tolling."  (Resp't's Reply at 7.)

6          Respondent also argues then contends that even if petitioner is entitled to

7   equitable tolling due to his supposed reliance on overruled precedent, his federal petition is still

8   untimely.  According to respondent, if the court equitably tolls the 35 days during which

9   petitioner's habeas petition was pending in the Sacramento County Superior Court and the eight

10  days that his petition was pending at the California Supreme Court before the United States

11  Supreme Court decided Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that "[w]hen a

12  postconviction petition is untimely under state law, that [is] the end of the matter for purposes of

13  § 2244(d)(2)"), the instant petition was filed 444 days after the AEDPA statute of limitations

14  expired.  In respondent's view, once the U.S. Supreme Court issued its decision in Pace,

15  petitioner could no longer reasonably believe that he would be entitled to tolling for the

16  following 337 days that his untimely petition was pending before the California Supreme Court.

17  Respondent contends that, in any event, even if petitioner is entitled to equitable tolling for the

18  additional 337 days, his federal petition is still untimely by 107 days.  (Resp't's Reply at 7-8.)

19          Finally, respondent argues that petitioner's factual allegations regarding his

20  appellate counsel's alleged incompetence and delay in sending him a copy of the appellate record

21  are inadequate to warrant equitable tolling.  Respondent argues that appellate counsel's refusal to

22  pursue certain issues on direct appeal at petitioner's urging has no bearing on his lengthy delays

23  in filing either his state habeas petitions or his federal petition.  Moreover, respondent contends

24  that petitioner never asked his counsel to send him the entire appellate record but rather requested

25  only specific documents.  According to respondent, none of the documents that petitioner sought

26  from his appellate counsel were needed to file a habeas petition.  (Resp't's Reply at 9-12.)

**ANALYSIS**

I.  The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

It is undisputed that, on May 19, 1998, a Sacramento County Superior Court jury found petitioner guilty of committing a lewd and lascivious act upon a child.  The trial court found the sentencing enhancement allegations regarding petitioner's prior conviction to be true and sentenced petitioner to a total aggregate term of seventy years and four months to life in state

1   prison.  On May 12, 2003, the California Court of Appeal for the Third Appellate District

2   affirmed the judgment of conviction.  On July 30, 2003, the California Supreme Court denied

3   review.  On December 1, 2003, the United States Supreme Court denied petitioner's petition for

4   a writ of certiorari.

5          For purposes of federal habeas review, petitioner's conviction became final on

6   December 1, 2003, and the AEDPA one-year statute of limitations period began to run the

7   following day, on December 2, 2003.  See, e.g., Griffith v. Kentucky, 479 U.S. 314, 321 n.6

8   (1987) ("final" with regard to a conviction refers to a case in which a judgment of conviction has

9   been rendered, the availability of appeal exhausted, and the time for a petition for writ of

10  certiorari elapsed or a petition for writ of certiorari finally denied); Bowen v. Roe, 188 F.3d

11  1157, 1159 (9th Cir. 1999).  The statute of limitations for the filing of a federal habeas petition

12  therefore expired on December 1, 2004.  Petitioner did not file his federal habeas petition until

13  April 21, 2006.  Accordingly, petitioner's federal petition for writ of habeas corpus is untimely

14  unless he is entitled to the benefit of statutory or equitable tolling.

15  III.  Statutory Tolling

16          "The time during which a properly filed application for State post-conviction or

17  other collateral review with respect to the pertinent judgment or claim is pending shall not be

18  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

19  limitations is not tolled during the interval between the date on which a judgment becomes final

20  and the date on which the petitioner files his first state collateral challenge because there is no

21  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

22  commences state collateral proceedings, a state habeas petition is "pending" during a full round

23  of review in the state courts, including the time between a lower court decision and the filing of a

24  new petition in a higher court, as long as the intervals between the filing of those petitions are

25  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

26  /////

1    Petitioner filed three state habeas petitions proceeding "up the ladder" of state

2   court collateral review, each of which was denied.  On October 12, 2004, petitioner filed his first

3   state habeas petition in the Sacramento County Superior Court.  On November 15, 2004, the

4   Superior Court issued its order in response to the petition.  (Resp't's Lodged Doc. No. 30.)  The

5   court found petitioner's claim of sentencing error to be partially meritorious, vacated the

6   sentence, imposed a modified sentence and ordered that an amended abstract of judgment be

7   prepared.  (Id. at 10-11.)  Nonetheless, the court also found that the petition was untimely

8   because it had been filed more than a year after the judgment had become final.  (Id. at 1.)[1]

9    When a state postconviction petition is determined to be untimely by a state court,

10   that is the end of the matter for purposes of § 2244(d)(2).  See Bonner v. Carey, 425 F.3d 1145,

11   1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812

12   (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a state habeas corpus petition

13   denied with citation to "the very page of Robbins that sets forth 'the basic analytical framework'

14   governing California's timeliness determinations in habeas corpus proceedings" is a clear ruling

15   that the state petition was untimely and therefore not properly filed).  Although the Superior

16   Court also ruled on the merits of the petition, that is of no consequence for purposes of the

17   statutory tolling analysis.  See Bonner, 425 F.3d at 1148-49 ("[n]either does the fact that the

18   superior court also denied Bonner's petition on the merits save his petition."); see also Carey,

19   536 U.S. at 226 (if a state court rules a delay is unreasonable, that is the end of the matter,

20   /////

21   /////

22

23     [1]  The Superior Court cited no authority in reaching its conclusion that the petition was untimely. (Resp't's Lodged Doc. No. 30 at 1.)  Rather, it discussed the decisions in In re Robbins

24   18 Cal. 4th 770, 811-12, n.32 (1998) and In re Clark, 5 Cal. 4th 750, 774-75 (1993), only in summarily rejecting petitioner's contentions that he had finally received his appellate file from counsel and had recently discovered his habeas claims as a basis for excusing an untimely filing.

25   (Id. at 1.)  Nonetheless, the Superior Court proceeded to address each of petitioner's claims, rejecting them on the merits as well with the exception of the sentencing error claim which was found

26   meritorious in part. (Id. at 2-11.)

1    regardless of whether the court addresses the merits of a claim or whether a timeliness ruling is

2    "entangled" with the merits).[2]

3            On March 9, 2005, petitioner filed a habeas petition in the California Court of

4    Appeal for the Third Appellate District.  On March 30, 2005, the Court of Appeal summarily

5    denied the petition.  The Court of Appeal's decision constitutes an "unexplained order," i.e., "an

6    order whose text or accompanying opinion does not disclose the reason for the judgment."  Ylst

7    v. Nunnemaker, 501 U.S. 797, 802 (1991).  When confronted with a state court's unexplained

8    order, the federal court applies the following presumption:  "Where there has been one reasoned

9    state judgment rejecting a federal claim, later unexplained orders upholding that judgment or

10   rejecting the same claim rest upon the same ground."  Id. at 803.  See also Robinson v. Ignacio,

11   360 F.3d 1044, 1055 (9th Cir. 2004).  In applying this look-through presumption, unexplained

12   orders are given no effect.  Ylst, 501 U.S. at 804.  This court has "looked through" the California

13   Court of Appeal's unexplained order to the Superior Court's order to determine whether the state

14   court found the initial petition before it to be untimely as a matter of state law.  As noted above,

15   the Superior Court expressly denied petitioner's first state habeas petition as untimely and

16   rejected petitioner's explanation that he only recently discovered his claims because he was

17   finally able to receive his file from appellate counsel.  Because it is presumed that the California

18   Court of Appeal rejected the petition before it for the same reasons relied upon by the Superior

19   Court in its decision, petitioner's second habeas petition was also not "properly filed" and does

20   not serve to toll the statute of limitations.

21           As respondent correctly calculates, 315 days of the AEDPA statute of limitations

22   elapsed before petitioner filed his habeas petition in the Superior Court.  In addition, for reasons

23

24           [2]   The undersigned does note, however, that in denying the petition in this case the
     Sacramento County Superior Court actually granted petitioner relief in part with respect to his
25   sentencing error claim.  This raises an interesting question of whether a state court can both grant
     relief and deny a petition as untimely under state law.  Nonetheless, for reasons that will become
26   clear below, the court need not address this unusual issue raised by the Superior Court's order.

1   discussed above, another 170 days of the statute of limitations elapsed while petitioner pursued

2   habeas relief in the Sacramento County Superior Court and the California Court of Appeal.

3   Thus, the one-year statute of limitations period expired long before petitioner filed his federal

4   petition.  Therefore, petitioner's federal petition for writ of habeas corpus is untimely unless he is

5   entitled to the benefit of equitable tolling.

6   IV.  Equitable Tolling

7           The United States Supreme Court has held that, "a litigant seeking equitable

8   tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

9   diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

10   544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007)

11   (assuming without deciding that equitable tolling applies to § 2244(d)).  Equitable tolling will be

12   unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v.

13   Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Nonetheless, in the present case, the court finds

14   that petitioner is entitled to equitable tolling of the statute of limitations based on his reliance on

15   the Ninth Circuit's then-binding precedent.  See Harris v. Carter, 515 F.3d 1051, 1057 (9th Cir.

16   2008) ("Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case

17   where a petitioner relies on our legally erroneous holding in determining when to file a federal

18   habeas petition.").

19           First, petitioner has demonstrated that he pursued his rights diligently.  As noted

20   above, he waited less than four months after the Sacramento County Superior Court denied his

21   first state habeas petition to file his petition with the California Court of Appeal.  A mere

22   nineteen days after the Court of Appeal denied his habeas petition, he filed his next habeas

23   petition with the California Supreme Court.  Only twenty-three days after the California Supreme

24   Court denied his petition before that court did he file his federal petition with this court.  Given

25   petitioner's pro se status, as well as petitioner's reliance on then-existing precedent, the court

26   concludes that petitioner was diligent in his efforts.

1    Second, construed liberally, petitioner's pro se allegations in addition to the

2    timing of his filing of state habeas petitions, all of which were filed before the Supreme Court's

3    decision in Pace, effectively demonstrate that petitioner relied on then-binding Ninth Circuit

4    precedent in deciding when to file his federal petition.  As noted, the Ninth Circuit recently held

5    that equitable tolling of the AEDPA statute of limitations is warranted where the petitioner

6    argues that "he relied on controlling Ninth Circuit precedent in waiting to file his federal habeas

7    petition" until after completion of his untimely state post-conviction proceedings.  Harris, 515

8    F.3d at 1054.  In this regard, the court explained:

9        The fact that Harris *could* have filed a timely federal habeas
         petition at a certain point in time is not dispositive.  The critical
10       fact here is that Harris relied in good faith on then-binding circuit
         precedent in making his tactical decision to delay filing a federal
11       habeas petition.  Harris' failure to file a timely petition is not the
         result of oversight, miscalculation or negligence on his part, all of
12       which would preclude the application of equitable tolling.  Harris
         was undoubtedly aware of when AEDPA's statute of limitations
13       would expire under our rule in *Dictado*.  Harris presumably chose
         his tactical strategy precisely *because* he believed that, under
14       *Dictado*, he could pursue relief in state courts without jeopardizing
         his ability to file a federal habeas petition.

15

16   Id. at 1055.

17       The Ninth Circuit explained that Harris was entitled to equitable tolling because

18   he diligently pursued his rights and filed successive habeas petitions in state court while allowing

19   himself enough time to file a timely federal habeas petition following the exhaustion of his

20   claims in state court under the then-existing Dictado rule.  Harris, 515 F.3d at 1055.  The Ninth

21   Circuit noted that the Supreme Court's decision in Pace made it impossible for the petitioner in

22   that case to file a timely federal petition because it became time-barred the moment the Supreme

23   Court decided Pace.  Id. at 1056.

24       Here, just as was the case in Harris, petitioner relied on then-controlling Ninth

25   Circuit precedent as he proceeded "up the ladder" through the state courts with his habeas

26   petitions.  At the time, Ninth Circuit law provided "that if a state's rule governing the timely

11

1   commencement of state postconviction petitions contains exceptions that require a state court to

2   examine the merits of a petition before it is dismissed, the petition, even if untimely, should be

3   regarded as 'properly filed.'" Dictado v. Ducharme, 244 F.3d 724, 727-28 (9th Cir. 2001),

4   overruled by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Under Dictado, petitioner's state

5   habeas petitions, even if untimely, would have been regarded as "properly filed," and the

6   AEDPA statute of limitations would have been tolled from October 12, 2004, through March 29,

7   2006.  Harris, 515 F.3d at 1053 n.3 ("Under the rules established in Nino and Dictado, Harris'

8   PRPs were pending, and the statute of limitations was tolled, until the Washington Supreme

9   Court denied Harris' petition. . . .").  Petitioner would have had fifty days of the AEDPA statute

10  of limitations period remaining after the California Supreme Court denied the habeas petition

11  filed in that court.  Because petitioner filed his federal petition less than fifty days after the

12  California Supreme Court's summary denial, his federal petition would have been timely under

13  Dictado.

14              Respondent's argument that petitioner is not entitled to equitable tolling for the

15  entire time his petition was pending before the California Supreme Court is unpersuasive.  In

16  respondent's view, eight days after petitioner filed his petition with the California Supreme Court

17  he could not reasonably believe that he was entitled to tolling by his filing of an untimely state

18  petition because the United States Supreme Court decided Pace on that day.  Respondent relies

19  on the decision in Harris in support of this proposition.  That reliance is misplaced.  In Harris the

20  Ninth Circuit determined that the petitioner was entitled to equitable tolling for the entire time

21  his untimely petitions were pending in state court, even though the Supreme Court had issued its

22  decision in Pace while his final state petition was still pending.  Harris, 515 F.3d at 1053 & n.3.

23  Moreover, in the present case petitioner could not have known that the California Supreme Court

24  would not rule on his petition filed with that court for 337 days after it was filed.  Nor could

25  petitioner have anticipated that the California Supreme Court would deny his petition with a

26  mere citation to In re Robbins following that lengthy period of delay.

12

1    "[T]he purpose of the equitable tolling doctrine 'is to soften the harsh impact of

2    technical rules which might otherwise prevent a good faith litigant from having a day in court'"

3    and to "'prevent the unjust technical forfeiture of causes of action.'" Harris, 515 F.3d at 1055

4    (quoting Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004)).  Under the then-binding decision in

5    Dictado, the AEDPA statute of limitations had stopped running while petitioner was pursuing his

6    state habeas petitions.  Here, as in Harris, petitioner had no control over the operative fact – the

7    U.S. Supreme Court's decision in Pace – that resulted in his federal petition becoming untimely.

8    Harris, 515 F.3d at 1056.  Under these circumstances, the court finds that petitioner is entitled to

9    equitable tolling of the statute of limitations from October 12, 2004, through March 29, 2006,

10   while his exhaustion petitions were pending in state court.  Accordingly, the court concludes that

11   petitioner's federal petition was timely filed in this court and respondent's motion to dismiss

12   should be denied.  See Brown v. Attorney General of Nevada, No. 06-16436, 2008 WL 3560735,

13   *2 (9th Cir. Aug. 12, 2008) (reversing dismissal of a habeas petition and finding that the

14   petitioner was entitled to equitable tolling under Harris); Ruiz v. Schriro, No. 05-16564, 2008

15   WL 3305322, *2 (9th Cir. Aug. 8, 2008) (remand to the district court to determine whether the

16   petitioner was entitled to equitable tolling of the AEDPA's one year statute of limitations under

17   the Harris decision).[3]

18                                           **OTHER MATTERS**

19          Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, respondent

20   requests that the court substitute Michael Martel, the current Warden of Mule Creek State Prison,

21   for Roseanne Campbell as respondent in this action.  Good cause appearing, respondent's request

22   will be granted.

23   /////

24   /////

25

26          [3] Citation to these recent unpublished decisions is appropriate pursuant to Ninth Circuit Rule
     36-3(b).

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondent's April 9, 2008 request to substitute Michael Martel as respondent in this action is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Michael Martel is the respondent in this action.

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 9, 2008 motion to dismiss the petition as barred by the statute of limitations be denied; and

2. Respondent be directed to file an answer accompanied by all transcripts and other documents relevant to the issues presented in the petition within sixty days. See Rule 5, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
grav0885.157

14