IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DALE GRAVES,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Warden (A), Mule Creek State Prison,<br><br>    Respondent. | No. 2:06-cv-00885-JKS<br><br>MEMORANDUM DECISION |

  Petitioner, Peter Dale Graves, a state prisoner proceeding *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Graves is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Mule Creek State Prison. Respondent has answered and Graves has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  After a jury trial, Graves was convicted in the California Superior Court, Sacramento County, of one count each of: committing a lewd act upon a child (Cal. Penal Code § 288(a)); (2) attempting to commit a lewd act upon a child (Cal. Penal Code §§ 664/288(a)); distributing harmful material to a minor (Cal. Penal Code § 288.2(a)); and (4) misdemeanor annoying a minor (Cal. Penal Code § 647.6). The Sacramento County Superior Court sentenced Graves to an aggregate indeterminate prison term of 70 years and 4 months to life. Graves timely appealed his conviction and sentence to the California Court of Appeal, Third Appellate District, which, after a somewhat tortuous history, ultimately affirmed the conviction and sentence in an

unpublished reasoned decision.[1] The California Supreme Court summarily denied review without opinion or citation to authority on July 30, 2003.[2] The Supreme Court denied Graves's petition for certiorari on December 1, 2003.[3]

On October 12, 2004, Graves filed his first petition for a writ of habeas corpus in the Sacramento County Superior Court, which was denied as untimely on November 15, 2004.[4] On March 9, 2005, Graves filed his second petition for habeas relief in the California Court of Appeal, Third Appellate District, which summarily denied his petition without opinion or citation to authority.[5] Graves then filed a petition for habeas relief in the California Supreme Court, which denied his petition citing *In re Robbins* (1998) 18 Cal. 4th 770, 780 [959 P.2d 311, 317-18].[6] Graves timely filed his petition for relief in this Court on April 21, 2006, and his amended petition, with leave of court, on December 28, 2006.[7]

---

[1] *People v. Graves*, 2003 WL 21061325 (Cal. App. May 12, 2003).

[2] April 9, 2008, Lodged Document No. 24.

[3] *Graves v. California*, 540 U.S. 1053 (2003) (Mem.).

[4] April 9, 2008, Lodged Document No. 30.

[5] April 9, 2008, Lodged Document No. 32.

[6] April 9, 2008, Lodged Document No. 34.

[7] This Court denied Respondent's motion to dismiss for untimeliness. Docket No. 27. Because Respondent has not cited an intervening change of controlling authority, introduced new evidence, or shown that the previous disposition was clearly erroneous and would work a manifest injustice, the Court declines to revisit this issue. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II. GROUNDS PRESENTED/DEFENSES

In his amended petition, Graves raises 13 grounds, some with several sub-grounds. These grounds, described in general terms, are:[8] (2) use of the 1996 version of CALJIC 2.50.01 was unconstitutional and, as modified by the court, was ambiguous and confusing; (3) the admission of evidence under California Evidence Code § 1108 violated due process; (4) he was erroneously charged under California Penal Code § 288.2 as a felony offense; (5) erroneous jury instructions on the elements of the crime; (6) police misconduct (illegal search and seizure); (7) ineffective assistance of trial counsel; (8) failure of the trial court to relieve appointed counsel for a conflict interest violated Graves's right to counsel under the Sixth and Fourteenth Amendments; (9) exclusion of Graves from critical stages of the trial; (10) improper denial of *Marsden* motions;[9] (11) improper sentencing in the use of an invalid prior conviction; (12) ineffective assistance of appellate counsel; (13) admission of prior bad acts under California Evidence Code § 1108 violated due process;[10] and (14) the California Supreme Court improperly denied review. Respondent contends that the claims made by Graves are procedurally barred in their entirety,

---

[8] Graves actually numbered 14 grounds. In place of his first ground, Graves simply states "[v]oid this claim - has nothing to do with petitioner's criminal case." Consequently there is nothing for this Court to decide as to his first ground. For continuity and ease of reference, this Memorandum Decision addresses the 13 grounds actually raised using the same numbers used by Graves in his amended petition, 2 through 14.

[9] The term "*Marsden* motion" comes from *People v. Marsden,* 465 P.2d 44, 47-48 (Cal. 1970), a California Supreme Court case that held that, as part of a criminal defendant's right to effective assistance of counsel under the Sixth Amendment, a trial judge must permit a defendant requesting substitute counsel the opportunity to present his reasons for the request, *i.e.*, evidence and argument to establish that he is receiving ineffective assistance of counsel.

[10] This appears to be either a variation or augmentation of the argument made in the third ground.

except his third, thirteenth and fourteenth grounds. Respondent raises no other affirmative defense.[11]

## III. STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[12] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[13] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[14] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[15] When a claim falls

---

[11] *See* Rules—Section 2254 Cases, Rule 5(b).

[12] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[13] *Williams*, 529 U.S. at 412.

[14] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[15] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the

under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[16] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[17] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[18]

In applying this standard, this Court reviews the last reasoned decision by the state court.[19] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[20]

## IV. DISCUSSION

It is the usual practice of this Court to discuss the grounds raised in the order in which they were raised. In this case, however, the Court has determined that in the interests of clarity and efficiency, it will address the three grounds to which no affirmative defense has been raised and must, therefore, be addressed on the merits—the third, thirteenth, and fourteenth. This Court

---

case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[16] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[17] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[18] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[19] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[20] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

will then address the grounds to which the Respondent has asserted the affirmative defense of procedural bar. In addition, because they are substantially similar and involve the same section of the California Evidence Code, § 1108, discussion of the third and thirteenth grounds will be combined.

A.      **Non-Barred Claims**.

Grounds 3 and 13: California Evidence Code § 1108.

Graves makes two arguments challenging the admission of his prior conviction for sex crimes under California Evidence Code § 1108:[21] (1) § 1108 is unconstitutional; and (2) the trial court did not properly weigh the probative value of the evidence against its potential for undue prejudice under California Evidence Code § 352. The California Court of Appeal rejected Graves's arguments, holding:

> Defendant contends the trial court erred by admitting evidence of his prior sexual offenses against Michael C., Donald F., and James S. He argues Evidence Code section 1108, which authorizes admission of such evidence, is unconstitutional in that it violates his rights to due process and equal protection. (Further statutory references in this part are to the Evidence Code.) Similar arguments were rejected by the California Supreme Court in *People v. Falsetta* (1999) 21 Cal.4th 903 at pages 910-922, 89 Cal.Rptr.2d 847, 986 P.2d 182, and by this court in *People v. Fitch* (1997) 55 Cal.App.4th 172 at pages 178-185, 63 Cal.Rptr.2d 753.
> Under section 1108, "evidence of the defendant's commission of another sexual offense or offenses *is not made inadmissible by Section 1101,* if the evidence is not inadmissible pursuant to Section 352." (Italics added.) Our conclusion that section 1108 is constitutional makes it unnecessary to consider defendant's argument that the prior sexual offenses were inadmissible pursuant to section 1101.
> This leaves defendant's contention that the prior sexual offense evidence should have been excluded as more prejudicial than probative, pursuant to section

---

[21] Under Cal. Evid. Code § 1108, "evidence of the defendant's commission of another sexual offense or offenses *is not made inadmissible by Section 1101,* if the evidence is not inadmissible pursuant to Section 352." (Emphasis added.)

6

352.  The contention has no merit.  "Under Evidence Code section 352, the trial court enjoys broad discretion in assessing whether the probative value of particular evidence is outweighed by concerns of undue prejudice, confusion or consumption of time. [Citation.]  Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' [Citation.]" ( *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125, 36 Cal.Rptr.2d 235, 885 P.2d 1, orig. emphasis.)  Defendant's sexual activity with Donald F. and James S. was relevant to show that he purposely touched Tysen's penis while feigning a fall, and that the touching was not an accident as argued by defense counsel.  The Donald F. evidence was further relevant to show defendant's plan of befriending 13- to 15-year old boys from his neighborhood, offering them gifts as an enticement to associate with him, showing them pornographic magazines, and offering them money in exchange for sexual acts.FN3

> FN3. Donald's testimony did not discuss sexual activity with the third minor, Michael L.

Defendant claims the Donald F. evidence was more inflammatory than the present offenses because "the jury heard of specific sexual acts with Donald which were absent in the testimony of the present offenses."  "The governing test, however, evaluates the risk of 'undue' prejudice, that is, ' "evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues," '  not the prejudice 'that naturally flows from relevant, highly probative evidence.' [Citation.]" (*People v. Padilla* (1995) 11 Cal.4th 891, 925, 47 Cal.Rptr.2d 426, 906 P.2d 388, overruled on other grounds, *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1, 72 Cal.Rptr.2d 656, 952 P.2d 673.)

The fact that defendant succeeded at seducing Donald, whereas he failed at seducing Tysen, did not tend "uniquely" to evoke an emotional bias against him. (*Padilla, supra,* 11 Cal.4th at p. 925, 47 Cal.Rptr.2d 426, 906 P.2d 388.)  To the extent the Donald F. evidence was damaging, it was because it was highly relevant to defendant's intent and modus operandi.

Defendant has not shown that the trial court exercised its section 352 discretion in an arbitrary, capricious or patently absurd manner. Nor has he shown a manifest miscarriage of justice. (*Rodrigues, supra,* 8 Cal.4th at pp. 1124-1125, 36 Cal.Rptr.2d 235, 885 P.2d 1.)  There was no error.[22]

The Supreme Court has never held that the admission of prior criminal acts for the purpose of showing conduct in conformity therewith or a propensity to commit crimes violates

---

[22] *Graves*, 2003 WL 21061325 at *3-4.

7

due process. The Supreme Court has reserved determination of this question, leaving it open.[23] The Ninth Circuit has specifically held that, since the Supreme Court has declined to specifically hold that admitting evidence for the purpose of showing propensity does not violate the Due Process Clause, the determination by the California courts that California Evidence Code § 1108 does not constitute a due process violation, is not contrary to clearly established federal law as established by the Supreme Court.[24] This Court is bound by that decision.[25]

The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."[26] "The introduction of unfairly prejudicial evidence against a defendant in a criminal trial . . . does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice."[27] "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."[28]

Federal Rule of Evidence 403, the federal counterpart to California Evidence Code § 352, permits the exclusion of evidence if its probative value is "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the

---

[23] *Estelle v. McGuire*, 502 U.S. 62, 75 (1991).

[24] *Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006).

[25] *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).

[26] *Crane v. Kentucky*, 476 U.S. 683, 689 (1986).

[27] *Dunnigan v. Keane,* 137 F.3d 117, 125 (2d Cir. 1998).

[28] *Estelle*, 502 U.S. at 72 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)).

probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ."[29]  California employs a similar rule.[30]

This Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Grave's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.[32]  Graves is not entitled to relief under his third and thirteenth grounds.

Ground 14:  Denial of Review by California Supreme Court.

Graves argues that, because he was placed on probation for his prior sexual offense, he should not have been charged with a strike under California's one-strike statute.  In rejecting Graves's argument, the California Court of Appeal held:

> We question why counsel would raise the present claim of error given the fact there is nothing in the record to suggest defendant was placed on probation pursuant to section 1203.066, subdivision (c) nor is there any evidence to support the conclusion that the offense was an intra-familial sex offense.  To the contrary,

---

[29] *United States v. Abel,* 469 U.S. 45, 54 (1984); *see Boyd v. City and County of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009).

[30] *See People v. Harris*, 118 P.3d 545, 565 (Cal. 2005) ("[w]e review for abuse of discretion a trial court's rulings on the admissibility of evidence.").

[31] 28 U.S.C. § 2254(d).

[32] *See Alberni*, 458 F.3d at 866-67.

> the record makes perfectly clear that while defendant was convicted in 1985 of violating section 288, subdivision (a) for committing lewd acts against Donald F. and was granted probation in that case, defendant is neither a relative of Donald F.'s nor a member of his household. At most, the evidence establishes defendant and Donald F. lived in the same apartment complex and Donald F. considered defendant to be "a friend."
>
>   Accordingly, because defendant did not qualify for probation pursuant to section 1203.066, subdivision (c) for his prior conviction under section 288, subdivision (c), we reject his claim of error.

This Court is bound by that determination.[33]

The California Supreme Court denied review, which Graves contends was error. It is not clear from the pleadings on just what basis Graves contends the California Supreme Court erred in denying review. Viewed from one perspective, it appears Graves contends that the California Supreme Court construed California law incorrectly. That is, that the California Supreme Court erred in construing California Penal Code § 667.61 in *People v. Hammer*.[34] Viewed from another perspective, it appears that Graves may be arguing that the California Court of Appeal misapplied § 667.61 in this case, and that the California Supreme Court should have granted review. Irrespective of which view applies, Graves does not prevail.

To the extent that Graves raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal

---

[33] *See Hicks*, 485 U.S. at 629-30 & n.3; *West*, 311 U.S. at 237.

[34] 69 P.3d 436 (2003). *Hammer* was decided two months before the California Supreme Court denied review in this case. In *Hammer*, the California Supreme Court held that the exception to application of the one-strike law for an offense that qualifies for probation applied only to the current offense, not to the prior conviction. 69 P.3d at 440-45. In this case, it is undisputed that Graves was placed on probation without a prison sentence in his qualifying prior strike.

law.[35]  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[36]  This principle applied to federal habeas review of state convictions long before AEDPA.[37]  A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law.[38]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[39]

A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[40]  This is especially true where the highest court in the state has denied review of the lower court's decision.[41]  A petitioner may not transform a state-law issue into a

---

[35] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982) (federal court must accept that state courts correctly applied state laws); *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle*, 502 U.S. at 67-68 (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[36] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[37] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

[38] *See Bradshaw*, 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[39] *Id.* at 76.

[40] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[41] *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v.*

federal one by simply asserting a violation of due process.[42] Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[43]

As for denial of review by the California Supreme Court on direct appeal, except for death penalty cases, the decision to grant a hearing by the California Supreme Court is discretionary with the California Supreme Court.[44] Graves has cited no Supreme Court case that even remotely suggests that the California Supreme Court, in denying discretionary review, irrespective of the reason or lack of reason, violates due process or any other federal constitutional provision. Nor has independent research by this Court discovered any such decision. To the contrary, "[t]he Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions."[45] Because he has failed to present a federal constitutional issue, Graves is not entitled to relief under his fourteenth ground.

**B. Procedural Bar**.

Graves presented the balance of his claims in his habeas corpus petitions to the California Courts. The Sacramento County Superior Court denied his claims as untimely, citing *In re Robbins* (1998) 18 Cal. 4th 770, 811-12, 812 fn. 32 [959 P.2d 311] and *In re Clark* (1993) 5 Cal.

---

*Newland*, 419 F.3d 1083, 1087 (9th Cir. 2005) (same).

[42] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[43] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[44] See Cal. Const. Art. 6, § 11; *Snukal v. Flightways Mfg., Inc.*, 3 P.3d 286, 298 (Cal. 2000); *People v. Davis*, 81 P. 718, 720 (Cal. 1905); *Lawson v. Kolender*, 658 F.2d 1362, 1364 n.3 (9th Cir. 1981) (citing *Davis*).

[45] *Halbert v. Michigan*, 545 U.S. 605, 610 (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894).

4th 750, 774-75 [855 P.2d 729].⁴⁶  The California Court of Appeal summarily denied his petition to that court without opinion of citation to authority.⁴⁷   The California Supreme Court denied his petition to that court without opinion, but cited *In re Robbins*.⁴⁸   Under *Robbins*,

> [A] habeas corpus petition is not entitled to a presumption of timeliness if it is filed more than 90 days after the final due date for the filing of appellant's reply brief on the direct appeal.  In such a case, to avoid the bar of untimeliness with respect to each claim, the *petitioner* has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness.⁴⁹

Respondent argues that because Graves's petition was denied on the grounds of timeliness, Graves is procedurally barred from raising those grounds in a federal habeas corpus proceeding. For the reasons that follow, this Court agrees.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."⁵⁰  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."⁵¹  "[I]n order to constitute adequate and independent

---

⁴⁶ April 9, 2008, Lodged Document No. 30.  The Superior Court rejected on the merits Graves's arguments his failure to file his habeas petition timely was justified.

⁴⁷ April 9, 2008, Lodged Document No. 32.

⁴⁸ April 9, 2008, Lodged Document No. 34.  In his petition to the California Supreme Court, Graves squarely presented the argument that, contrary to the decision of the Sacramento County Superior Court, his petition was timely. Lodged Document No. 33, pp. 6-8.  The California Supreme Court clearly found Graves's arguments to be unpersuasive.

⁴⁹ *Robbins*, 959 P.2d at 317 (emphasis in the original).

⁵⁰ *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

⁵¹ *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[52] A discretionary state procedural rule can be firmly established and regularly followed, so as to bar federal habeas review, even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.[53]

Although the ultimate burden of proving adequacy of a state procedural bar is on the government, once it has "adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." Graves may satisfy his burden "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule."[54]

In his traverse Graves presents three arguments that his claims are not procedurally barred. First, Graves argues that because this Court determined that his petition was timely filed in this Court, Respondent is barred by the collateral estoppel doctrine.[55] Second, Graves argues that he did, in fact, show good cause for the delay in his state court petitions. Third, Graves argues that *Robbins* applies solely to capital cases. All three arguments raised by Graves fail.

---

[52] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

[53] *Beard v. Kindler*, 558 U.S. ___, 130 S. Ct. 612, 618 (2009).

[54] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

[55] Although Graves has confused "collateral estoppel" with "law of the case," this Court will assume that Graves, a *pro se* litigant, intended to raise law of the case.

1. *Law of the Case.* In denying the motion to dismiss on the grounds that the petition was untimely under the one-year limitation period of AEDPA,[56] this Court did so on the basis that the limitation period was equitably tolled by Graves's reliance on the decision of the Ninth Circuit in *Harris v. Carter*.[57] In fact, in determining that Graves was not entitled to statutory tolling in its ruling, this Court specifically found that the petitions for habeas relief in the California courts were not timely filed in those courts.

> When a state postconviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). See Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a state habeas corpus petition denied with citation to "the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings" is a clear ruling that the state petition was untimely and therefore not properly filed). Although the Superior Court also ruled on the merits of the petition, that is of no consequence for purposes of the statutory tolling analysis. See Bonner, 425 F.3d at 1148-49 ("[n]either does the fact that the superior court also denied Bonner's petition on the merits save his petition."); see also Carey, 536 U.S. at 226 (if a state court rules a delay is unreasonable, that is the end of the matter, regardless of whether the court addresses the merits of a claim or whether a timeliness ruling is "entangled" with the merits).[58]

2. *Good Cause.* The gist of Graves's argument is that he did, in fact, establish "good cause" for failing to bring his state court habeas petitions in a timely manner. To hold in favor of Graves on this point, this Court would have to find that the California Supreme Court erroneously applied California law. A federal court may not do this in a federal habeas

---

[56] 28 U.S.C. § 2244(d)(1).

[57] 515 F.3d 1051, 1057 (9th Cir. 2008). Docket No. 20, pp. 10-13, adopted by Docket No. 27.

[58] Docket No. 20, p. 9 (footnote omitted), adopted by Docket No. 27. That holding is also the "law of the case."

proceeding. This Court must assume that, in denying his petition for habeas relief, the California Supreme Court agreed with the Sacramento Superior Court that Graves had not met the requirements for relief from the timeliness rule under *Robbins*.[59]

   3. *Applicability of Robbins*. Although Graves is correct that *Robbins* itself was a capital case, that standing alone does not necessarily preclude the application of its principles to non-capital cases. The fact that the California Supreme Court applied *Robbins*, a decision the California Supreme Court had decided on state law grounds, is itself a question of state law beyond the purview of this Court in a federal habeas proceeding.[60]

   This Court agrees with Respondent that, because Graves's claims were defaulted in state court on an adequate and independent state ground, they will not be considered in federal habeas proceedings unless Graves can demonstrate cause for the default and actual prejudice.[61] To prove a fundamental miscarriage of justice, Graves must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[62] This Court, having reviewed

---

[59] *See Engle*, 456 U.S. at 128 (federal court must accept that state courts correctly applied state laws); *Bell*, 543 U.S. at 455; *see also Estelle*, 502 U.S. at 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton*, 497 U.S. at 653 (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring*, 536 U.S. 584.

[60] It is also noted that the California Supreme Court frequently denies petitions for writs of habeas corpus in "postcard denials" in non-capital cases simply citing *Robbins*.

[61] *See Coleman,* 501 U.S. at 729.

[62] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Murray v. Carrier,* 477 U.S. 478, 496 (1986) ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

the voluminous filing by Graves, finds that he has failed to establish adequate cause or actual prejudice, *i.e.*, he has failed to show actual innocence.[63] Graves is not entitled to relief under his second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth grounds.

## V.  CONCLUSION AND ORDER

Graves is not entitled to relief under any ground raised in his amended petition.

**IT IS HEREBY ORDERED THAT** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[64]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  March 17, 2010.

                                                                      /s/ James K. Singleton, Jr.
                                                                      JAMES K. SINGLETON, JR.
                                                                      United States District Judge

---

[63] As relevant to this case, the exceptions to the bar of an untimely petition for habeas relief employed by the California Supreme Court are substantially similar: "(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted. . . ." *Robbins*, 959 P.2d at 338 (internal quotation marks omitted) (quoting *In re Clark*, 855 P.2d 729, 761 (1993)).

[64] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).