IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

                Petitioner,

        vs.

MICHAEL MARTEL, Warden (A), Mule
Creek State Prison,

                Respondent.

No. 2:06-cv-00885-JKS

ORDER
[Re: Motion at Docket No. 56]

## I.  MOTION PRESENTED

At Docket No. 56, Petitioner, Peter Dale Graves, a state prisoner proceeding *pro se*, has

timely moved under Rule 59(e), Federal Rules of Civil Procedure, to amend or alter the judgment

entered herein at Docket No. 55.[1]

## II.  ISSUES RAISED

Graves argues that:  (1) the determination that his second, fourth, fifth, sixth, seventh,

eighth, ninth, tenth, eleventh and twelfth grounds are procedurally barred was contrary to the

holding in *Townsend v. Knowles*[2] (*In re Robbins*[3] is too vague and ambiguous to constitute an

adequate and independent state ground); (2) this Court erred by combining and considering

---

[1] In the alternative, Graves has moved to amend the Court's findings under Fed. R. Civ.
P. 52(b).  This Court did not enter any findings and conclusions under Rule 52; accordingly, Rule
52(b) is inapplicable.

[2] 562 F.3d 1200 (9th Cir. 2009).

[3] 959 P.2d 311 (Cal. 1998).

Graves's third and thirteenth grounds together; (3) this Court applied an incorrect legal standard in determining Graves did not establish prejudice sufficient to warrant relief from his procedural default; and (4) this Court prematurely and erroneously denied a Certificate of Appealability.

### III.  STANDARD OF REVIEW

There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) granting the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[4]  A Rule 59 motion may not be used to relitigate old matters, or to raise arguments that could have been raised, or present evidence that could have been presented, prior to the entry of judgment.[5]

Graves has not cited any intervening change in controlling authority or presented any new evidence in support of his Petition.  Thus, the disposition of the pending motion turns on whether the decision of this Court was clearly erroneous that, if uncorrected, would result in a manifest injustice.  For the reasons that follow, the Court finds that its prior decision was neither clearly erroneous, nor did it result in a manifest injustice.  Therefore, the motion at Docket No. 56 will be denied.

---

[4] *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[5] *Exxon Shipping Co. v. Baker*, 554 U.S. ___, 128 S. Ct. 2605, 2617 n.5 (2008) (citing and quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc., § 2810.1, pp. 127-28 (2d ed. 1995)).

IV. DISCUSSION

Initially, the Cour("t notes that, to a significant extent, Graves's arguments are nothing more than a rehash of arguments that were, or could have been raised prior to the entry of judgment in this case, *i.e.*, in his Petition or Traverse.  Thus, to the extent that this Court has previously considered and rejected Graves's arguments, the Court declines to revisit them.

Second, Graves misunderstands the function and role of this Court in a federal habeas proceeding.  Contrary to Graves's contentions, this Court did, in fact, review the voluminous documents filed by Graves in this case, as well as the record in the case.  This Court, applying the standards imposed by the Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA") and Supreme Court precedent, concluded that the decisions of the California courts were not contrary to or objectively unreasonable applications of clearly established federal law, *i.e.*, more than simply erroneous, and that Graves did not establish by clear and convincing evidence that the factual findings of the state courts were erroneous.

*Townsend v. Knowles*.  The issue presented to and decided by the Ninth Circuit in *Townsend* was:  what constituted a "substantial delay" under the timeliness rule was not sufficiently clear and certain to be an adequate state bar in 2001, when the California court found Townsend's petition to be untimely.[6]  As noted in the Memorandum Decision, once properly raised by the Respondent, the burden to place the adequate independent state ground defense in issue shifted to Graves.  This burden may be met by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating

---

[6] *Townsend*, 562 F.3d at 1208.

3

inconsistent application of the rule.[7]  Graves did not raise the issue of the adequacy of the

California timeliness rule to this Court.  Instead, Graves chose to challenge the application of the

timeliness rule on three bases: (1) collateral estoppel; (2) that he did, in fact, show good cause for

the delay in his state court petitions; and (3) that *Robbins* applies solely to capital cases.  Clearly,

Graves could have raised the adequacy issue prior to the entry of the judgment in this case.

Consequently, the Court declines to address it.[8]  Moreover, the time that lapsed between the time

Graves's conviction became final and when he filed his original habeas petition in the

Sacramento County Superior Court exceeded 11 months.  In the context of the timeliness of

filing habeas petitions, the Supreme Court has "found no authority suggesting, nor found any

convincing reason to believe, that California would consider an unjustified or unexplained 6-

month delay 'reasonable.'"[9]

       To the extent that Graves argues that *Robbins* is inapplicable to non-capital cases, his

reliance on *Townsend* is misplaced.  *Townsend* limited its holding to inapplicability of the

presumption of untimeliness in *Robbins* in non-capital cases.[10]  Neither the Supreme Court, the

Ninth Circuit nor the California Supreme Court have ever held that the timeliness rule applied in

*Robbins* did not apply to non-capital cases.

       <u>Combining Third and Thirteenth Grounds</u>.  Graves's argument is essentially that this

Court addressed these grounds as presented to the California court and disregarded the facts and

---

    [7] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

    [8] *See Exxon Shipping Co.*

    [9] *Evans v. Chavis*, 546 U.S. 189, 201 (2006).

    [10] *Townsend*, 562 F.3d at 1207-08 (citing *King v. Lamarque*, 464 F.3d 963, 966 (9th Cir. 2006)).

arguments he presented in his Amended Petition in this Court.  This Court agrees that Graves attempted to modify and/or expand upon his arguments in his Amended Petition in this Court. That does not, however, require this Court to reconsider its decision on the merits.  To the extent that Graves presented his claims to this Court based upon facts and arguments that were not presented to the state courts, he failed to properly exhaust those claims, and this Court is precluded from considering the claims.[11]  Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[12]  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[13]  Although Graves fairly presented the third and thirteenth grounds to the California appellate courts on his direct appeal, Graves did not raise the additional facts or arguments that he raised in his Amended Petition and now argues this Court erred in not considering.  Thus, Graves failed to fully exhaust his state-court remedies by not presenting the same legal arguments and the factual basis to the state courts that he presented in his Amended Petition.  Therefore, to the extent, this Court may have erred in addressing these grounds on the basis it did, such error was harmless.

Standard for Prejudice (Actual Innocence).  Graves argues that the determination that he failed to show actual innocence differs from the legal standard under the Supreme Court decision

---

[11] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[12] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[13] *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

in *House*[14] and that he is entitled to an evidentiary hearing under the Supreme Court's holding in *Townsend*.[15]  Graves's reliance on *House* is misplaced, and the language he quoted from *Townsend* has either been overruled or substantially cabined as to its applicability by statutory amendment.

A petitioner may overcome a procedural default by (1) producing "new reliable evidence [of innocence]—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial,"[16] and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[17]  To demonstrate actual innocence under *Schlup,* a petitioner must show "factual innocence, not mere legal insufficiency."[18]

In *House*, the petitioner introduced new evidence, and the district court held an evidentiary hearing.  In this case, Graves has not proffered any new evidence in support of his innocence claim.  His claim of innocence is based upon his view that the evidence was fabricated and untrue and that the transcripts were altered.  His argument, reduced to its essence, is that the state courts should not have accepted the evidence upon which they relied.  Graves's Petition does not present a factual dispute to be resolved by this Court.  Graves's arguments simply fall far short of the showing required under *Schlup*, *Bousley*, and *House*.  In order for Graves to

---

[14] *House v. Bell*, 547 U.S. 518, 539–40 (2006).

[15] *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S.1 (1992), *superceded by statute*, 28 U.S.C. § 2254(e)(2), *as stated in Williams v. Taylor*, 529 U.S. 420 (2000).

[16] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[17] *Id.* at 327.

[18] *Bousley v. United States,* 523 U.S. 614, 623 (1998).

prevail in this proceeding, this Court would have to accept Graves's version of the facts as correct and reject the facts as found by the state courts. This, this Court may not so do.

In the context of determining the sufficiency of the evidence, the constitutional standard is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[19] Graves misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. The role of this Court is to simply determine whether there is any evidence, if accepted as credible by the state court, sufficient to sustain the finding of the state court.[20] The factual findings of the state courts are binding on this Court unless overcome by clear and convincing evidence.[21] This presumption applies to state trial courts and appellate courts alike.[22] Applying these principles to Graves's arguments, Graves has clearly failed to shoulder this burden.

To the extent that Graves contends he is entitled to an evidentiary hearing, Graves has not made the showing required under 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

---

[19] *Jackson v. Washington*, 443 U.S. 307, 319 (1979) (emphasis in the original).

[20] *See Schlup*, 513 U.S. at 340.

[21] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[22] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

or
        (ii) a factual predicate that could not have been previously
discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear
and convincing evidence that but for constitutional error, no reasonable factfinder
would have found the applicant guilty of the underlying offense.

Consequently, Graves is not entitled to an evidentiary hearing.[23]

    <u>Certificate of Appealability</u>.  Under the rules, as amended effective December 1, 2009, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.[24]  Insofar as Graves contends he is entitled to a certificate of appealability, his remedy is to make a request to the Court of Appeals.[25]

## V.  CONCLUSION AND ORDER

    Graves is not entitled to Relief under Rule 59(e), Federal Rules of Civil Procedure.

    **IT IS HEREBY ORDERED THAT** the Motion to Amend the Findings and/or Alter the Judgment from the Court's Memorandum Decision and Judgment at Docket No. 56 is **DENIED**.

---

[23] Graves did not request an evidentiary hearing at any time before entry of final judgment in this case.  Thus, the request is untimely.

[24] *See* Rules—Section 2254 Cases, Rule 11(a).

[25] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[26] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[27]

Dated:  April 26, 2010.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[26] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

[27] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.